IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PPV CONNECTION, INC.,

      Plaintiff

        v.

CARLOS ACEVEDO, et al.,

      Defendants

CIVIL NO. 07-1794 (JP)

## DEFAULT JUDGMENT ON DAMAGES

Before the Court is Plaintiff PPV Connection's ("PPVC") motion for default judgment (No. 13) against the following Defendants: (1) Eduviges del Rosario, his wife Jane Doe, and their conjugal partnership d/b/a Punto Familiar-Salón Entretenimiento; (2) Luis Morales-Postigo, his wife Jane Doe, and their conjugal partnership d/b/a Tolyn Sport Bar; and (3) Carlos Mercado, his wife Jane Doe, and their conjugal partnership d/b/a Los Amigos Restaurant a/k/a Unidos Restaurant.

Plaintiff PPVC filed the instant lawsuit on August 28, 2007, against thirteen establishments, their alleged owners, and the alleged owners' spouses and conjugal partnerships. Plaintiff alleges that on June 9, 2007, Defendant establishments unlawfully intercepted Plaintiff's closed circuit broadcast of the boxing match between Miguel Cotto and Zabdiel Judah. The Court has twice entered partial judgments at Plaintiff's behest, dismissing numerous Defendants

CIVIL NO. 07-1794 (JP)            -2-

(Nos. 5, 11) so that only the above-named Defendants remain.   The Clerk of the Court entered Default against them on February 29, 2008 (No. 12).

In Plaintiff PPVC's motion for default judgment, PPVC attached affidavits from auditors who visited each place of business as owned by the above-named Defendants.   The affidavits, *inter alia,* detail the number of patrons counted, the number of televisions, and which part of the copyrighted transmission was being shown.   Plaintiff PPVC also attached a statement under penalty of perjury by Fernando J. Gierbolini, Plaintiff's attorney, attesting to the amount of attorneys' fees and costs incurred by Plaintiff.   The statement sets forth the following costs: $12,325 for attorneys' fees (eighty-five hours at a rate of $145.00 per hour); $350.00 filing fee; $780.00 for service of process; and $500.00 for photocopies and postage.

Because the aforementioned Defendants are in default, this "constitutes an admission of all facts well-pleaded in the complaint."   Metropolitan Life Ins. Co. v. Colón Rivera, 204 F. Supp. 2d 273, 274-275 (D.P.R. 2002); see also Banco Bilbao Vizcaya Argentaria v. Family Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002); Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999).   Therefore, the only issue remaining for consideration is the amount of damages. See Quirindongo Pacheco v. Rolón Morales, 953 F.2d 15, 16 (1st Cir. 1992); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure

CIVIL NO. 07-1794 (JP)          -3-

§ 2688 at 444 (1983) (citing <u>Thomson v. Wooster</u>, 114 U.S. 104, 5 S. Ct. 788, 29 L. Ed. 105 (1985)).  Moreover, "once the entry of a default establishes the fact of damage, the trial judge . . . has considerable latitude in determining the amount of damages."  <u>See Jones v. Winnepesaukee Realty</u>, 990 F.2d 1, 4 (1st Cir. 1993).

Plaintiff PPVC prays for damages pursuant to Section 553 of the Communications Act of 1934.  Section 553 states that "the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just."  47 U.S.C. § 553(c)(3)(A)(ii).  Section 553 further allows for recovery of costs, including reasonable attorneys' fees to an aggrieved party who prevails.  <u>Id.</u> at § 553(c)(2)(c).

In light of the above, the Court makes the following specific findings as to each defendant:

1)  According to the sworn statement[1] subscribed by Carlos Barros-Villahermosa, who visited Punto Familiar-Salón Entretenimiento on the day of the fight, there were approximately 50 persons inside the establishment and two televisions displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **three thousand three hundred and thirty-seven dollars ($3,337.00)** in attorneys' fees and **three hundred and seventy-seven**

---

1.   There appears to be a mistake in said statement, as it has the investigator arriving at the venue at 11:50 p.m., and leaving at 10:58 p.m.

CIVIL NO. 07-1794 (JP)          -4-

**dollars ($377.00)** in costs against Defendant Eduviges del Rosario, his wife Jane Doe, and their conjugal partnership d/b/a Punto Familiar-Salón Entretenimiento, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

2)   According to the sworn statement subscribed by Christopher Crespo-Morales, who visited Tolyn Sport Bar on the day of the fight, there were approximately 76 persons inside the establishment and two televisions displaying the fight.  The Court **AWARDS** Plaintiff **three hundred and fifty dollars ($350.00)** in damages, plus **three thousand three hundred and thirty-seven dollars ($3,337.00)** in attorneys' fees and **three hundred and seventy-seven dollars ($377.00)** in costs against Defendant Luis Morales-Postigo, his wife Jane Doe, and their conjugal partnership d/b/a Tolyn Sport Bar, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

3)   According to the sworn statement subscribed by Mario A. Ramos-Martínez, who visited Los Amigos Restaurant a/k/a Unidos Restaurant on the day of the fight, there were approximately sixty persons inside the establishment and two televisions displaying the fight.  The Court **AWARDS** Plaintiff **two hundred and fifty dollars ($250.00)** in damages, plus **three thousand three hundred and thirty-seven dollars ($3,337.00)** in attorneys' fees and **three hundred and seventy-seven dollars ($377.00)** in costs against Defendant Carlos

CIVIL NO. 07-1794 (JP)            -5-

Mercado, his wife Jane Doe, and their conjugal partnership d/b/a Los Amigos Restaurant a/k/a Unidos Restaurant, and **ORDERS** them to jointly and severally pay this amount to Plaintiff pursuant to this Judgment.

It is expressly directed that this Judgment shall be entered as final against the stated Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22nd day of May, 2008.


                                    s/Jaime Pieras, Jr.
                                    JAIME PIERAS, JR.
                              U.S. SENIOR DISTRICT JUDGE